

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2004

# In Re Prudential

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3302

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re Prudential " (2004). *2004 Decisions.* Paper 503.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/503

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 03-3302, 03-3356

———

IN RE: PRUDENTIAL INSURANCE COMPANY
OF AMERICA SALES PRACTICE LITIGATION

RICHARD P. KRELL, ET AL.; MICHAEL P. MALAKOFF;
MALAKOFF, DOYLE & FINBERG, P.C.; JOHN T. MURRAY;
MURRAY AND MURRAY CO., L.P.A.; J. MICHAEL BENNINGER;
WILSON, FRAME, BENNINGER & METHANEY, P.L.L.C.,

Appellants in 03-3302

RICHARD JOHNSON; LYNDE SELDEN, II;
SELDEN LAW FIRM; RICHARD H. ROSENTHAL;
LAW OFFICE OF RICHARD H. ROSENTHAL,

Appellants in 03-3356

———

On Appeal from the United States District Court
for the District of New Jersey
(Dist. Ct. No. 95-cv-04704)
District Judge: Honorable Alfred M. Wolin

———

Argued: June 23, 2004

Before: NYGAARD, McKEE and CHERTOFF, Circuit Judges.

1

(Filed: July 13, 2004)

JAMES M. PIETZ (Argued)
Malakoff, Doyle & Finberg, P.C.
Suite 200, The Frick Building
Pittsburgh, PA 15219

      Counsel for Appellants in 03-3302 & 03-3356

MICHAEL P. MALAKOFF
Malakoff, Doyle & Finberg, P.C.
Suite 200, The Frick Building
Pittsburgh, PA 15219

      Counsel for Appellants in 03-3302

RICHARD H. ROSENTHAL
Law Office of Richard H. Rosenthal
25 East Carmel Valley Road
Carmel Valley, CA 93924

      Counsel for Appellants in 03-3356

LYNDE SELDEN, II
Sullivan, Hill, Lewin, Rez & Engel
550 West C Street, Suite 1500
San Diego, CA 92101

      Counsel for Appellants in 03-3356

BRAD N. FRIEDMAN (Argued)
Milberg Weiss Bershad & Schulman, LLP
One Pennsylvania Plaza
New York, NY 10119

      Counsel for Appellee in 03-3302 & 03-3356

OPINION

CHERTOFF, <u>Circuit Judge</u>.

This case involves a nationwide class action lawsuit against Prudential Life Insurance Company ("Prudential") alleging deceptive sales practices. Objectors in the lawsuit sought attorneys' fees. The District Court undertook an extensive analysis of the factors set forth in <u>Gunter v. Ridgewood Energy Corp.</u>, 223 F.3d 190, 195 n.1 (3d Cir. 2000), concluding that it was appropriate for Objectors to be awarded a percentage of Class Counsel's award based on their relative contribution to the overall settlement fund. Objectors appealed on the ground that their attorneys' fees award was too small. For substantially the same reasons set forth in the District Court's opinion, we will affirm the calculation of Objectors' attorneys' fees.

We write briefly to address one argument—that the District Court committed a mathematical error by mixing different valuation assumptions in calculating the fee award.[1]

---

[1] The class action litigation that is the subject matter of this dispute has a lengthy history, involving numerous prior decisions by the District Court and this Court. The following designations were used by the parties in their briefs in referring to the relevant prior decisions:

- <u>Prudential I</u>, 148 F.3d 283 (3d Cir. 1998), <u>cert. denied</u>, 525 U.S. 1114 (1999) (upholding settlement agreement, but vacating and remanding the District Court's fee award).
- <u>Remand Fee Opinion</u>, 106 F. Supp. 2d 721 (D.N.J. 2000) (awarding $90 million fee to Class Counsel on remand).

The District Court granted Objectors fees in the amount of $1,260,000.00. This number was derived as follows. The District Court accepted Objectors' contention that they contributed approximately $56 million to the settlement. The District Court explained that this number constituted approximately 1.4% of the overall value of the approximately $4 billion settlement fund. Accordingly, the District Court awarded to Objectors' counsel 1.4% of the Class Counsel's $90 million fee award or $1.26 million.

Objectors contend that the District Court conflated valuation methods in its derivation of the 1.4% percentage. They claim that at the time Class Counsel's fees were set, the settlement fund was assumed to be approximately $2.5 billion and Class Counsel's fees were fixed as a percentage of that amount. The $4 billion figure representing the value of the settlement, employed as the denominator in the ratio setting Objectors' counsel's fees, was derived from a more recent increase in the overall settlement value. Objectors urge that the $56 million, which the District Court treated as the value of their benefit to the fund, should be matched to the approximately $2.5 billion settlement value relied upon in setting the Class Counsel's fees, and not matched to the more current settlement value. This proposed adjustment would effectively increase the net percentage of Objectors' contribution to the fund, and thus raise the amount of attorneys' fees to Objectors.

Objectors are wrong. The $56 million relied upon by the District Court was

---

•     Objector Fee Opinion, 273 F. Supp. 2d 563 (D.N.J. 2003).

4

Objectors' *own* estimate of their contribution to the settlement, based largely on the affidavit from their expert Darryl G. Wagner, submitted on September 18, 2000.[2] As the Objectors concede, the approximately $4 billion settlement figure estimate was *known* at the time they submitted Wagner's declaration. Indeed, in its July 2000 decision with respect to Class Counsel's fee award of $90 million, the District Court noted that the estimate of approximately $2.5 billion vastly underestimated the actual value of the settlement.

> As of early 1999, Prudential had reserved $2.5 billion to pay for the cost of this settlement . . . . It appears that the actual value of the settlement in fact exceeds that amount. Based on information that describes the results of the ADR[3] scoring process as of early 1999, plaintiffs' expert actuary, Robert L. Hoyer, the managing partner of Arthur Andersen, LLP's Life & Health Actuarial Services Group, opined that the total value of the ADR portion of the settlement exceeds $2.3 billion. . . . [E]ven more recent reports indicate that, as of May 31, 2000, Prudential had issued more than $3.3 billion in relief through the ADR process . . . .
>
>     . . . .
> Mr. Hoyer has calculated the total value of BCR[4] at more than $150 million. . . .
>
>     . . . .
> Moreover, the benefit that Class Counsel created for the Class must also include the requested attorneys' fees and expenses of $90 million; the cost of unprecedented outreach and other notices, which was previously estimated at $50 million; as well as the huge administrative expenses of ADR, which have been absorbed entirely by Prudential pursuant to the

[2] As the District Court noted these calculation were made in 1999. While the expert may have relied on 1999 calculations, the affidavit was not submitted until September of 2000.

[3] "ADR" refers to the settlement's alternative dispute resolution process.

[4] "BCR" refers to the basic claim relief awards.

settlement and were previously estimated at $100 million. Remand Fee Opinion, 106 F. Supp. 2d at 729-30. In other words, the District Court suggested that the total value of the settlement was nearly $4 billion ($3.3 billion in ADR + $150 million in BCR + $90 million in attorneys' fees and expenses + $100 million in administrative expenses = $3.64 billion). While noting that the $2.5 billion was an understatement, the District Court nevertheless employed this figure to set Class Counsel's fees because it was the number supplied by Class Counsel.[5]

Objectors were on notice, therefore, that the settlement had increased to nearly $4 billion at the time they submitted the affidavit in support of their petition for fees. If Objectors believed that their contribution to the settlement should be re-evaluated in light of this change in settlement value, their expert had ample opportunity to do so. The Objectors cannot now fault the District Court for using their own calculation of their contribution to the settlement.

We do not dwell on the additional arguments raised by the Objectors, as we agree that the District Court properly exercised its broad discretion in its award of attorneys' fees. For the forgoing reasons, we will affirm the District Court's grant of attorneys' fees.

---

[5] Moreover, this Court has since noted, in passing, that the class action "has paid out more than four billion dollars to eight million class members." See In re Prudential Ins. Co. of Am. Sales Practice Litig., 314 F.3d 99, 100 (3d Cir. 2002).